**Jinghua DI, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General Respondent.**

**Xing Gang Liu, Petitioner,**

v.

**John Ashcroft, U.S. Attorney General Respondent.**

**Nos. 02–61008, 02–61014
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 2004.

A. Don Forester, A. Don Forester & Associates, Houston, TX, for Petitioner.

Richard M. Evans, Assistant Director, US Department of Justice, Office of Immigration Litigation, Marshall Tamor Golding, Thomas Ward Hussey, Director, US Department of Justice, John Ashcroft, US Department of Justice, Washington, DC, Hipolito Acosta, US Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, US Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:*

The petitioners, Jinghua Di (Di) and her husband Xing Gang Liu (Liu) whose claims are dependent upon Di's, are natives and citizens of the Peoples' Republic of China. They request review of the decision of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ) to deny their application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). Because the BIA employed the streamlined review process of 8 C.F.R. § 1003.1(a)(7), we review the IJ's decision. *See Soadjede v. Ashcroft,* 324 F.3d 830, 832 (5th Cir.2003).

The IJ based his decision to deny relief on his explicit findings that Di was not credible. We do not "review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun v. INS,* 40 F.3d 76, 78 (5th Cir.1994) (internal quotation marks and citation omitted). In light of the IJ's explanation of the credibility determination, that determination was "a reasonable interpretation of the record," and the evidence does not compel the conclusion urged by Di and Liu. *See id.* at 78–79.

The petition for review is DENIED.

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.